**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRENDAN D. KELLY,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-1221-20-0466-W-1 |
| 　　　v. | |
| DEPARTMENT OF COMMERCE,<br>　　　　　Agency. | DATE: June 24, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brendan D. Kelly, Cypress, Texas, pro se.

Christiann C. Burek and William T. Yon, Washington, D.C., for the
　agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify that the appellant's disclosure regarding alleged racist hiring practices could not have constituted a protected disclosure under 5 U.S.C. § 2302(b)(8) because it concerned title VII violations, we AFFIRM the initial decision.

¶2      Under the Whistleblower Protection Enhancement Act of 2012, an appellant may establish a prima facie case of retaliation for whistleblowing disclosures and/or protected activity by proving by preponderant evidence[2] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against him.  5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).  A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3

---

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

(2013). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 5.

¶3        Here, the administrative judge concluded that the appellant failed to show that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) and, therefore, was not entitled to any corrective action. Initial Appeal File (IAF), Tab 47, Initial Decision (ID) at 11. In so concluding, she explained that the appellant alleged that he had made two protected disclosures to agency personnel, i.e., that he had disclosed (1) "fraud" by reporting negative comments written on his performance appraisal[3] and (2) racist hiring practices within his office. ID at 6-10. She found, however, that neither disclosure constituted a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 8, 11. Regarding the appellant's alleged disclosure of fraud, the administrative judge reasoned that, prior to filing his complaint with the Office of Special Counsel, the appellant had filed a formal equal employment opportunity (EEO) complaint wherein he had alleged that the negative comments on his appraisal were precipitated by discrimination on the basis of his age and sex, and in reprisal for prior EEO activity. ID at 6. She explained that the Board has consistently held that disclosures regarding discrimination/harassment under title VII and/or EEO reprisal are excluded from coverage under 5 U.S.C. § 2302(b)(8). ID at 6-7. She also found that the appellant had failed to show that he reasonably believed that he had disclosed fraud because the comments on his appraisal were supported, subjective, and did "not appear to be patently false." ID at 10-11. Regarding the appellant's

---

[3] The appellant's filings before the administrative judge indicated that he believed that the unfavorable comments amounted to fraud under the title 18 of the U.S. Criminal Code because his performance appraisal, which he believed to constitute an official Government record, had been falsified. *E.g.*, IAF, Tab 35 at 6.

purported disclosure of racist hiring practices, the administrative judge reasoned that, at the hearing, the appellant had testified that he had no knowledge of any racist hiring practices at the agency; instead he had qualified his disclosure as having involved "alleged racist hiring practices." ID at 9. She explained that the appellant had indicated that he had no knowledge about any of the individuals who had applied for positions in his office or their qualifications; rather, he felt that he had to "stand up" for diversity in a general sense because he believed that recent hires in his office did not reflect the diversity of Houston, Texas. *Id.* The administrative judge reasoned that, although the appellant's efforts to encourage diversity in the workplace were commendable, his disclosure of racism in agency's hiring process was "wholly without any evidence to corroborate it" and amounted to nothing more than a vague, unsubstantiated "hunch" and, therefore, did not constitute a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 9-10.

We discern no basis to disturb the administrative judge's conclusion that the appellant's disclosure of unfavorable comments on his performance appraisal did not constitute a protected disclosure under 5 U.S.C. § 2302(b)(8).

¶4    The appellant challenges the administrative judge's conclusion that he failed to show that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) regarding negative comments made on his performance appraisal.[4] Petition for Review (PFR) File, Tab 1 at 7-11. To this end, he contends that the administrative judge made a "prejudicial" error by considering his prior EEO complaint because the complaint involved different issues and did not involve a claim of whistleblower retaliation. *Id.* at 7-8, 10. The appellant also contends

---

[4] The initial decision characterized the appellant's purported disclosure as pertaining to written comments made on his 2016 midyear progress review. ID at 6, 10; IAF, Tab 11 at 85-86, Tab 14 at 110-15. Both before the administrative judge and on review, however, the appellant has referenced other unfavorable written assessments of his performance. *E.g.*, IAF, Tab 35 at 14, 27; PFR File, Tab 1 at 4, 10. To the extent he argues that he made a protected disclosure regarding any of these other assessments, we find that a different outcome is not warranted; indeed, we find that none of the appellant's disclosures regarding unfavorable assessments or ratings of his performance constitute a protected disclosure under 5 U.S.C. § 2302(b)(8).

that the administrative judge failed to review all of the evidence in the record, some of which showed that the unfavorable comments made about his performance were inaccurate. *Id.* at 9, 11. In so contending, he argues that the administrative judge "reduced the argument [regarding his purported disclosure of fraud] to heresy[5] (sic) and took the side of the manager in agreeing that [the appellant] was a poor performer." *Id.* at 9. We find the appellant's assertions unavailing.

¶5    Here, we discern two separate alleged protected disclosures regarding the appellant's unfavorable midyear performance appraisal. First, the appellant ostensibly contended that he had disclosed that the agency had violated anti-discrimination laws when he filed a formal EEO complaint on January 12, 2017, contending that the "unfair and unsubstantiated negative claims" on his appraisal were precipitated by discrimination on the basis of his sex and age, reprisal for prior EEO activity, and harassment constituting a hostile work environment. IAF, Tab 10 at 118-19. Second, he alleged that he reported criminal fraud when he informed agency management that the unfavorable comments were unsubstantiated and, therefore, that a Government document had been falsified. *E.g.*, IAF, Tab 35 at 6-7.

¶6    The appellant's disclosure of the agency's purported violation of anti-discrimination laws via his EEO complaint does not constitute a protected disclosure under 5 U.S.C. § 2302(b)(8). Indeed, as set forth in the initial decision, disclosures regarding discrimination, a hostile work environment, and/or EEO reprisal are excluded from coverage under 5 U.S.C. § 2302(b)(8). ID at 6-7; *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10, 17 (explaining that alleged reprisal for opposition to practices made unlawful by title VII does

---

[5] We surmise that the appellant intended to reference "hearsay." PFR File, Tab 1 at 9. To the extent he contends that the administrative judge erroneously relied on hearsay evidence, his vague contention does not warrant a different outcome. *See Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 20 (2003) (stating that relevant hearsay evidence is admissible in administrative proceedings before the Board).

not constitute a protected disclosure under section 2302(b)(8)).  Moreover, such disclosures do not fall under the purview of 5 U.S.C. § 2302(b)(9)(A)(i).  *Id.*, ¶¶ 24-25 (explaining that a complaint or grievance is protected under 5 U.S.C. § 2302(b)(9)(A)(i) only if the it seeks to remedy a violation of 5 U.S.C. § 2302(b)(8)).

¶7        Regarding the appellant's purported disclosure of fraud, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to show that he reasonably believed that he had disclosed any of the categories of wrongdoing enumerated under 5 U.S.C. § 2302(b)(8).  ID at 10-11; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see also Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (explaining that an administrative judge's failure to discuss all of the evidence of record does not mean that the evidence was not considered), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Indeed, we find that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could not reasonably conclude that, in reporting the unfavorable comments, the appellant had disclosed a violation of law, i.e., fraud; rather, he expressed disagreement with unfavorable, subjective assessments of his performance.[6]  *See Gryder v. Department of Transportation*, 100 M.S.P.R. 564, ¶ 13 (2005) (finding that the appellant's conveyance of his disagreement with the

---

[6] We also find that a disinterested observer could not reasonably conclude that the appellant had disclosed any of the other categories of wrongdoing enumerated under 5 U.S.C. § 2302(b)(8).  *See Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶¶ 22, 24 (2005) (reasoning that the appellant failed make a nonfrivolous allegation that he had made a protected disclosure of either "gross mismanagement" or an "abuse of authority" when he made allegations that, among other things, questioned managerial decisions and accused agency personnel of conspiring against him).

agency's decision not to rehire him did not amount to a protected disclosure). Thus, a different outcome is not warranted.

<u>We modify the initial decision to clarify that, even if the appellant reasonably believed that he had disclosed racist hiring practices, such a disclosure would not fall under the purview of 5 U.S.C. § 2302(b)(8).</u>

¶8        The appellant challenges the administrative judge's conclusion that he failed to show that he made a protected disclosure regarding racist hiring practices at the agency.[7]  PFR File, Tab 1 at 4-6, 7, 10.  As discussed, the administrative judge concluded that, because the appellant had only an unsubstantiated "hunch" that the agency had employed racist hiring practices, he failed to show that he reasonably believed that he made a protected disclosure under 5 U.S.C. § 2302(b)(8).  ID at 8-10.  We modify the initial decision to clarify that, because the appellant's disclosure pertained to a title VII violation, it necessarily fell outside the purview of 5 U.S.C. § 2302(b)(8), even if the appellant had a reasonable belief that such a violation had occurred.  *See Edwards*, 2022 MSPB 9, ¶ 17[8]; *see also Von Kelsch v. Department of Labor*,

---

[7] To support this argument, the appellant provides additional documents, i.e., various emails exchanged between the appellant and agency personnel.  PFR File, Tab 1 at 13-20.  The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).  In any event, the documents are not material to the outcome of this appeal.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[8] In *Edwards*, the Board overruled its prior decision in *Kinan v. Department of Defense*, 87 M.S.P.R. 561 (2001).  *Edwards*, 2022 MSPB 9, ¶¶ 19-20.  In *Kinan*, as here, the appellant had made broad disclosures regarding discrimination, to include disclosing that an agency component had refused to hire African Americans.  *Kinan*, 87 M.S.P.R. 561, ¶ 3.  In *Kinan*, the Board reasoned that, because the appellant had not filed an EEO complaint on his own behalf but had instead raised broader concerns, his disclosure fell under 5 U.S.C. § 2302(b)(8).  *Id.*, ¶ 13 n.2.  In *Edwards*, however, the Board explicitly overruled *Kinan* to the extent it "found that alleged reprisal for opposition to practices made unlawful by title VII constitutes a protected disclosure under section 2302(b)(8)."  *Edwards*, 2022 MSPB 9, ¶ 20.  In so doing, the Board explained that appellants are not

59 M.S.P.R. 503, 509 (1993) (reasoning that Congress did not intend to extend protection to appellants who allege that their agencies retaliated against them after they challenged practices made unlawful by title VII), *overruled on other grounds by Thomas v. Department of the Treasury*, 77 M.S.P.R. 224, 236 n.9 (1998), *overruled by Ganski v. Department of the Interior*, 86 M.S.P.R. 32 (2000). Thus, although we agree that the appellant's disclosure regarding alleged racist hiring practices did not constitute a protected disclosure under 5 U.S.C. § 2302(b)(8),[9] we modify the basis for this finding.

The appellant raises additional arguments; however, none of these arguments warrant a different outcome.

¶9      The appellant asserts that a "labor lawyer," A.G., was "struck as a witness." PFR File, Tab 1 at 5-6. He also asserts that the administrative judge did not allow him to ask "the administrative people" certain questions and only permitted him to question the "decision makers." *Id.* at 6-7. We find these assertions both unclear and unavailing. An administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on the basis of the exclusion of a witness, the appellant must show that a relevant witness or evidence, which could have affected the outcome, was disallowed. *See Thomas*, 116 M.S.P.R. 453, ¶ 4. Here, neither the appellant nor the agency requested A.G. as a witness; accordingly this witness was not, as the appellant asserts, "struck" from testifying at the hearing.[10]

---

without redress insofar as the anti-retaliation provision of title VII provides broad protection. *Id.*, ¶ 23.

[9] Because this disclosure concerned a violation of title VII, it does did not fall under the purview of 5 U.S.C. § 2302(b)(9)(A)(i). *See Edwards*, 2022 MSPB 9, ¶¶ 24-25.

[10] To the extent the appellant argues that the agency should have called A.G. as a witness but failed to do so, PFR File, Tab 1 at 5, his assertion is again unavailing, *see Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984) (reasoning that an

IAF, Tab 21 at 11-12, Tab 22 at 21-25, Tab 27 at 16-17, Tab 36 at 3-4 & nn.5-6. Moreover, the appellant does not clearly identify any evidence/testimony that he was precluded from presenting at the hearing nor does he discernably explain how the disallowed evidence/testimony would have affected the outcome of his appeal. *See Thomas*, 116 M.S.P.R. 453, ¶ 4; *see also Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge and concluding that the appellant's petition contained neither evidence nor argument demonstrating error by the administrative judge).  Thus, a different outcome is not warranted.

¶10        The appellant states that, because an agency witness "lied under oath," the administrative judge "was thus appearing to lie because she was lied to under oath at the hearing."  PFR File, Tab 1 at 5.  The appellant thereafter twice states that the administrative judge "lied" in the initial decision.  *Id.* at 9-10.  To the extent the appellant, through these assertions, is alleging either bias or favoritism on part of the administrative judge, we find his assertion unavailing.  The Board has consistently held that, in making a claim of bias or favoritism against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators.  *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)).  This presumption can be overcome only by a substantial showing of personal bias.  *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000).  Here, we find that the appellant has not made such a showing; indeed, his ostensible claim is both vague and unsubstantiated.

¶11        The appellant states that neither the administrative judge nor agency counsel provided him with an audio recording of the hearing.  PFR File, Tab 1 at 11.  However, the hearing audio recording, IAF, Tab 42, Hearing Recording,

appellant was not deprived of the right to question a witness when he could have requested and/or subpoenaed the witness but failed to do so).

which served as the official hearing record, was placed in the record and, therefore, readily available to the appellant, *see* 5 C.F.R. § 1201.53(a).  Thus, the appellant's assertion does not warrant a different outcome.

¶12    The appellant makes a series of allegations regarding purported personnel actions allegedly taken by the agency, to include the denial of step increases, negative and/or untimely performance appraisals, and his having been placed on a performance opportunity plan and a performance improvement plan.  PFR File, Tab 1 at 4-12.  These arguments, however, do not provide a basis to disturb the initial decision; indeed, absent a showing that he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), the appellant is unable to prove a prima facie case of whistleblower retaliation.  *See Webb*, 122 M.S.P.R. 248, ¶ 6. Thus, the appellant's assertions regarding personnel actions do not provide a basis to disturb the initial decision.

¶13    Lastly, for the first time on petition for review, the appellant argues that the administrative judge was not properly appointed under the Appointments Clause. PFR File, Tab 1 at 8-11 & n.3.  In support of his argument, the appellant references the U.S. Supreme Court's decision in *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044 (2018).  *Id.*  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d).  Here, the appellant offers no justification for his failure to timely raise his Appointments Clause claim before the administrative judge.  *McClenning v. Department of the Army*, 2022 MSPB 3, ¶¶ 5-15 (holding that, in order to be timely, an Appointments Clause claim must be raised before the close of the record before the administrative judge).  Thus, his argument does not warrant a different outcome.

¶14    Accordingly, we affirm the initial decision as modified.

**NOTICE OF APPEAL RIGHTS**[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for

                                                 Jennifer Everling
                                                 Acting Clerk of the Board
Washington, D.C.